**REPUBLIC STEEL CORPORATION,**
Plaintiff,

v.

**UNITED MINE WORKERS OF AMERICA,** United Mine Workers of America, District No. 5, United Mine Workers of America, Sub-District No. 3, United Mine Workers of America, Local No. 9873, United Mine Workers of America, Local No. 688, Gerald Abbott, Theodore Spazok, Peter Trbovich, Nick Paskovich, Robert Famularo, John Doe, and Richard Roe, **Defendants.**

Civ. A. No. 76–92.

United States District Court,
W. D. Pennsylvania.

June 27, 1977.

Richard I. Thomas, Pittsburgh, Pa., for plaintiff.

Paul M. Puskar, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

WEBER, Chief Judge.

Both plaintiff Republic Steel and the defendant International Union, UMWA, have moved for reconsideration of our Opinion and Order of March 21, 1977. Republic alleges error in dismissing the local and district unions and their officers. The International Union contends we should have dismissed it as well.

■ Republic's argument that the district and local unions and their officers are liable for striking in breach of an obligation to arbitrate their dispute is foreclosed by *United States Steel v. UMWA*, 548 F.2d 67 [3d Cir. 1976], which we are bound to follow. *United States Steel* relied on the logic of *Buffalo Forge Co. v. United Steelworkers*, 428 U.S. 397, 96 S.Ct. 3141, 49 L.Ed.2d 1022 [1976], to conclude that monetary damages will not lie for engaging in a sympathy strike which is not arbitrable under the contract.

■ As we noted in our previous Opinion, the Court of Appeals in *United States Steel* did not, however, foreclose the possibility of union liability under another theory, namely, the failure of the unions to exert all reasonable steps to prevent the spread to plaintiff's mines of an unauthorized and allegedly illegal strike waged against another employer. We have concluded that such liability may exist under some circumstances. We dismissed the district and local unions, and their officers, however, for lack of any allegation that the pickets were members of those sub-organizations, as we concluded that the local and

district unions had no obligation to control the conduct of international members who belonged to other union subdivisions. Implying a further obligation on the district, subdistrict and local unions to use "reasonable efforts" to end these walkouts would contradict the Circuit's holding in *United States Steel*. We are well aware that our holding treads a fine line, but absent explicit authority from the Circuit, we are unwilling to say that Defendant International Union has no obligation under the contract to control actions of its members or has no liability for any concerted action of its members.

The Motions for Reconsideration will therefore be denied. However, at the parties' requests, we will make our order dismissing certain defendants final under Rule 54(b) and will certify the denial of the International Union's motion for summary judgment as a controlling question of law under 28 U.S.C. § 1292(b).

We enter final judgment under Rule 54(b) as to the district, sub-district, and local unions and their officers because:

1. Our opinion completely disposes of the claims against these defendants, and there are no counterclaims pending.

2. As to these defendants, our decision is completely controlled by *United States Steel v. UMWA*, 548 F.2d 67 [3d Cir. 1976], and no further consideration of this matter or change in the development of the case will warrant this court to change its decision.

3. The legal issues involved are of sufficient legal importance in labor law generally and in the mining industry particularly that the Court of Appeals may be disposed to re-examine the issues in *United States Steel v. UMWA*, supra.

4. These parties are continuously engaged in the ongoing collective bargaining process and disputes of the kind considered here are likely to recur, but if the obligations of the parties are firmly established by the Court of Appeals, disputes of this kind may be minimized.

5. For the reasons set forth below, we believe our determination as to the defend-

ant International Union, UMWA, which we have not dismissed, is appropriate for an immediate interlocutory appeal, and the dismissal of these defendants should be considered by the Court of Appeals at the same time. In each case, the same legal principles and precedents would control.

Finally, we certify the denial of defendant International Union's Motion for Summary Judgment as a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of litigation, because:

1. Under the narrow grounds for recovery that our rulings permit, the parties will be required to engage in broad discovery and to present a vast amount of evidentiary material to the court, as the inquiry will be focused on numerous strikes against other employers not parties to this case. Some of these matters will be difficult to prove fully.

2. An appeal of our order could result in a complete dismissal of this case, thereby saving court time and considerable time and expense to the parties.

3. Regardless of the outcome of any trial, it is most likely that one party or the other would appeal this case, as it involves novel questions of labor law.

4. The legal issues are likely to recur, and should be determined as soon as possible.

5. The same legal principles and precedents are involved between plaintiff and defendant International Union as are involved between plaintiff and the other defendants in whose favor we have entered final judgment.

The controlling question of law is stated as follows:

Whether the International Union, UMWA, is liable in damages for failing to use every reasonable effort to stop the spread of illegal wildcat strikes waged by UMWA members against other employers, thereby inducing plaintiff's employees to engage in sympathy strikes.

An appropriate order will be entered.